1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD BAKER | CASE NO. 3:09-CV-00982 WQH(BGS) |
| Plaintiff, | ORDER |
| vs. | |
| MAJOR LEAGUE BASEBALL PROPERTIES, INC., MAJOR LEAGUE BASEBALL ENTERPRISES, INC., SAN DIEGO PADRES, WORLD BASEBALL CLASSIC, INC. and GMR, LLC, | |
| Defendants. | |
| AND RELATED COUNTER AND CROSS CLAIMS | |

HAYES, Judge:

  The matter before the Court is the Motion for Leave to Amend Fourth Amended Complaint in Order to Add Defendant filed by Plaintiff Richard Baker. (ECF No. 242.)

**BACKGROUND**

  On March 18, 2008, Plaintiff initiated this action by filing a complaint regarding injuries suffered in San Diego, California, on March 20, 2006. (ECF No. 1). The complaint named Major League Baseball Properties, Inc., Major League Baseball Enterprises, Inc., Major League Baseball Players Association, World Baseball Classic, Inc., San Diego Padres Baseball Club, LP, City of San Diego, Ace Parking, Inc., JMI Sports LLC, American Specialty Insurance & Risk Services, Inc., and ABC Insurance Company as Defendants. *Id.*

1  On April 23, 2008, Plaintiff filed a First Amended Complaint adding Ballpark Village LLC as a Defendant. (ECF No. 15). On September 1, 2008, Plaintiff filed a Second Amended Complaint. (ECF No. 66). On September 9, 2010, Plaintiff filed a Third Amended Complaint adding GMR Marketing, LLC ("GMR") as a Defendant. (ECF No. 145). On August 5, 2011, Plaintiff filed a Fourth Amended Complaint adding Buzztone, Inc. as a Defendant. (ECF No. 187).

On August 30, 2011, GMR filed a Third Party Complaint naming HOK Group, Inc. ("HOK"), Buzztone, Inc., New Era Cap Co., Inc., and Ballpark Village, LLC as Third Party Defendants. (ECF No. 193, 236).

On April, 30 2012, Plaintiff filed a Motion for Leave to Amend the Fourth Amended Complaint in Order to Add HOK as a Defendant. (ECF No. 242). On May 21, 2012, HOK filed an opposition to the motion. (ECF No. 251). On May 29, 2012, Plaintiff filed a reply. (ECF No. 252).

**CONTENTIONS OF THE PARTIES**

Plaintiff contends that HOK's involvement in the case was "not fully known" until after HOK was brought into the case by third party complaint in August 2011 and HOK's employee was deposed in March 2012. (ECF No. 242-1 at 2). Plaintiff contends that HOK "was as much a part of the negligent operation that caused [Plaintiff's] injuries as any other Defendant...." *Id.* at 5. Plaintiff contends that the proposed Fifth Amended Complaint relates back to the date of the original complaint under Rule 15(c) and that HOK would not be prejudiced by the amendment.

HOK contends that the proposed Fifth Amended Complaint is time barred pursuant to California statute of limitations and Federal Rule of Civil Procedure 15(c) regarding relation back of amended pleadings. HOK contends that it would be prejudiced by the proposed Fifth Amended Complaint and that Plaintiff has unduly delayed in filing the amendment.

**APPLICABLE LAW**

"A party may amend its pleading once as a matter of course." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written

consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989).

"[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works,* 635 F.3d 440, 454 (9th Cir. 2011) *quoting Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989).

"Federal Rule of Civil Procedure 15(c) is the only vehicle through which a plaintiff may amend his complaint after the statute of limitations has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *G.F. Company v. Pan Ocean Shipping Co. Ltd.* 23 F.3d 1498, 1501 (9th Cir. 1994). Rule 15(c) provides that an amendment relates back to the original pleading "if the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P. 15(c)(1)(A). The parties in this case do not dispute that the applicable statute of limitations under California law does not allow relation back. *See* Plaintiff's Reply, ECF No. 252 at 5 ("Plaintiff concedes [that this amendment] is beyond the statute of limitations....")

If the law that provides the applicable statute of limitations does not allow for relation back, Rule 15(c)(1)(C) provides that an amendment to add a party after the expiration of the statute of limitations relates back to the original pleading if:

> Rule 15(c)(1)(B) is satisfied [the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading] and if, within the period provided by Rule 4(m) for serving the summons and complaint [120 days after the complaint is filed], the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 4(m), 15(c)(1)(B), 15(c)(1)(C).

**RULING OF THE COURT**

Plaintiff requests an order to allow the filing of a Fifth Amended Complaint that adds an additional defendant, HOK, to the case. The proposed amendment satisfies Rule 15(c)(1)(B) because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out... in the original pleading." FED. R. CIV. P. 15(c)(1)(B). However, Plaintiff has not shown that HOK received notice of the case within 120 days of the filing of the original complaint or that HOK should have known about the case "but for a mistake concerning the proper party's identity" within that timeframe. FED. R. CIV. P. 15(c)(1)(C). HOK was not brought into the case until August 30, 2011, over three years after Plaintiff filed the original complaint. Plaintiff delayed adding HOK as defendant in the case until April 30, 2012, over four years after filing the original complaint and beyond the applicable California statute of limitations. Plaintiff has provided no evidence or testimony to show that Plaintiff was mistaken in his original complaint concerning HOK's proper identity. (ECF No. 242).

The Court finds that the proposed Fifth Amended Complaint adding HOK as a defendant is futile. The Court finds that HOK would be subject to dismissal from the proposed Fifth Amended Complaint because the applicable statute of limitations has run for filing the claim against HOK and Plaintiff fails to show that the proposed amendment relates back to the date of the original complaint pursuant to Rule 15(c). Accordingly, the motion for leave to amend the fourth amended complaint is denied.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Amend Fourth Amended Complaint to Add Defendant filed by Plaintiff (ECF No. 242) is DENIED.

DATED: July 2, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge